GERMANSKY v. GUTERMAN.

(Supreme Court, Appellate Division, First Department.    February 4, 1910.)

EXECUTION (§ 418*)—DISOBEDIENCE OF MANDATE—DEFAULTS AFFECTING REM-
    EDIES OF PARTIES—WAIVER.

On June 9, 1907, an order in proceedings supplementary to execution was
served on the judgment debtor, requiring him to appear for examination
at 10 o'clock on June 11th, and the debtor claimed that he then appeared
and waited half an hour, but no one appeared. A default was entered
against him for nonappearance, and either before or directly after the
default was entered he arranged with the judgment creditor to pay the
judgment in installments, and on the same day the latter's attorney stated
to the judgment debtor in a letter that he was advised by the creditor that
a settlement had been made, and, while the debtor's default for nonap-
pearance was noted, no advantage would be taken of it. On December
7, 1908, the judgment debtor was adjudged guilty of contempt for his
default on June 11, 1907, and fined the amount of the judgment unpaid,
nominally for the contempt, but in fact because of his omissions after the
default and after the agreement of settlement was made. Held, that any
contempt by the judgment debtor was technical, and not willful, and was
waived by the letter from the judgment creditor's attorney, so that the
contempt order would be set aside.

[Ed. Note.—For other cases, see Execution, Cent. Dig. § 1201; Dec. Dig.
§ 418.*]

Appeal from Appellate Term.

In the matter of supplementary proceedings in the action brought by
Abraham Germansky against Louis H. Guterman. From an order
adjudging defendant in contempt of court, and fining him the amount
unpaid on the judgment, with interest, and $30 costs, he appeals by
permission. Order reversed, and motion for order denied.

See, also, 118 N. Y. Supp. 1108.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE,
SCOTT, and MILLER, JJ.

Moses R. Ryttenberg, for appellant
Jacob Gordon, for respondent.

MILLER, J.   On the 9th day of June, 1907, an order in proceed-
ings supplementary to execution was served on the appellant, the judg-
ment debtor, requiring him to appear for examination before a justice
of the City Court on the 11th day of June, 1907, at 10 o'clock in the
forenoon.   The defendant swears, and it is not specifically denied, that
immediately prior to that time he arranged with the judgment creditor
to pay the judgment in installments, and that the latter agreed to notify
his attorney to discontinue the proceedings, and said that it would not
be necessary for the appellant to appear.   The appellant also swears
that he did in fact appear at the time and place named in the order,
waited a half hour, and, no one appearing for the judgment creditor,
went away.   However, his default was noted.   It appears without dis-
pute that, either before or directly after the default, it was arranged
between the parties that the appellant should pay the judgment in
weekly installments of $25.   On the 11th day of June, 1907, the day of

the default, the attorney of the judgment creditor wrote the appellant a letter in which he said:

"I have been advised by my client, Mr. Germansky, that some arrangements have been made with regard to a settlement of the above entitled matter. The court had noted your default on account of your failure to appear this morning, but no advantage will be taken of you by reason of that fact."

Thereafter the appellant paid $65 on the judgment. On the 7th of December, 1908, an order to show cause why the appellant should not be punished for contempt of court was obtained, and the proceedings thereon resulted in the order appealed from, adjudging the appellant guilty of contempt for failing to appear for examination on the 11th of June, 1907.

It is plain that the default, if one occurred, was technical, not willful, and that it was due solely to the negotiations for an adjustment. It is equally plain that the letter of the respondent's attorney, hereinbefore referred to, was an unequivocal waiver of that default. If, instead of writing as he did, the attorney had instituted proceedings to punish the appellant for contempt, the latter would doubtless have appeared and offered to submit to an examination; and, even if he had been adjudged to be in contempt, he would not have been fined the amount of the judgment. At least, an order imposing such a fine under these circumstances could not have been sustained. A year and a half later, such a fine is imposed, nominally for that contempt, but really, as the record shows, for what the appellant did or failed to do thereafter.

The orders of the City Court and of the Appellate Term should be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur.